Curia, per

Richardson, J.
In deciding this case, I incorporate, verbatim, the brief argument of the defend *69 ant’s counsel. It exemplifies the brevity, that might be well adopted before the Appeal Court, in cases turning upon law points alone, and enforces the exact point of appeal.
“ The general rule is, if the name is not idem sonans, the variance is fatal. 3 Stark, on Ev. 1578 et seq.; 1 Ch. Pl. 303 ; Note to Bristow vs. Wright, 1 Smith Lead. Cas. 332, (19 Law Lib. 244.),
“An indictment charging the personation of McCann is not satisfied by proving that the prisoner personated McCann. 3 Stark. Ev. 1578.
“ Crouch for Couch, held fatal on motion for non-suit. Whitwell vs. Bennett, 3 B. & P. 559.
“ Tarbart for Tab art, held fatal. Bingham vs. Dickie, 1 Eng. C. L. R. 276.
“ Shakepeare for Shakespeare, fatal on plea in abatement. King vs. Shakespeare, 18 East, 83.
“Baron Waterpark, of Waterfork, for Water park, held fatal on motion for non-suit. Walters vs. Mace, 2 Barn. & Ald. 756.
“ Goodright for Goodnight, fatal on motion for non-suit. Cherry vs. Fergeson, 2 McM. 15.
“ Willison for Williston, fatal on plea in abatement. Bull vs. Franklin, 2 Sp. 46.
“ Shutliff for Shirtliff, fatal on motion for non-suit. 1 Ch. PL 307.
“ These authorities, (especially the note to Bristow vs. Wright, 19 Law Lib. 244) it is respectfully submitted, shew, not only that the variance was fatal, but also that the question of variance is one of law for the court to decide.”
If the name of the owner of the slave had been so erroneously set forth in the indictment, the decisions adduced would, perhaps, have been unanswerable, and a new trial ordered : because every slave necessarily presupposes some certain owner or master; and there is a customary standard for a freeman’s family name. But the names of slaves are vague and very like the names often applied to other chattels : and these are as well known by description and the owner’s name.
*70 In the case before us, the name of the slave, like the time and place, is introduced to indicate and fix the instance of an illicit trading with a slave of W. Graham. It is part of the description of the illicit trading: and to prevent the danger of a second indictment for the same trading. But this would be subject of evidence aliunde, and depends little upon the uncertain orthography of the negro’s name or its precise sound. The identity of the substantive trading would be the question.
The case before us is an instance. The witness called the name Antrum or Antrim, and being requested, he spelt it both ways. This witness proved the identity of the charge, with the slave of Wm. Graham: which was the substantive offence as alleged ; and this cannot be materially varied by the mis-spelling of the name of the slave. It does not contradict the description, nor endanger the defendant. In such cases, certainty to a common intent is sufficient; (2 Hawk. Ch. 25 ; 1 Ch. C. L. 211 ; State vs. Crank, 2 Bail. 70.)
O’Neall, Evans, Butler, Wardlaw and Frost, JJ. concurred.